R. W. TAYLOR, ET AL. *v.* E. T. BERRY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—523.]

**Right to File Amended Petition.**
> After the issues are closed and the trial is begun, it is not an abuse of discretion on the part of the trial judge to refuse to continue the cause, that an amended petition may be filed.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

January 31, 1885.

OPINION BY JUDGE PRYOR:

After this case was ready or had been prepared by appellants and submitted for trial, it was too late to ask a suspension of the judgment, that an amended petition might be filed or further proof taken in support of appellant's claim, or to enable them to maintain their action. What we mean to say is, that it was not an abuse of discretion on the part of the judge to refuse the continuance or hear other testimony. The judge had in effect announced his judgment, and at the instance of appellants the case was held up for further examination by the court with the understanding that the opinion would be delivered in vacation.

The judge trying the cause was selected by agreement of the parties, the regular judge being unable to preside, and it is now maintained that he had no power after the adjournment of the regular term to file, as special judge, his opinion and judgment in vacation.

The judgment was withheld at the regular term by the judge, at the instance of the party now complaining, and against the objections of the appellees, with the suggestion that the judgment should be entered out of term time. This was done, and when the next

regular term of the court began the special judge had been elected as judge of that district and signed the minutes or record including this judgment, or if not a motion was made to set aside the judgment, and it was overruled. This made it the judgment of the court if the objection urged by appellants as to its delivery after term time to the clerk is to be considered. It comes here as the judgment of the court, and as counsel have presented in their written argument no other reason for reserving the judgment, the same must be *affirmed.*

*D. H. French, A. Duvall,* for appellant.

*Hendricks & Bush, W. C. Trabue, J. W. Bush,* for appellees.