## Chestnut et ux. v. Bowman.

June 24, 1949.

Rehearing denied October 21, 1949.

T. T. Burchell for appellants.

Charles C. Smith and Lewis & Weaver for appellee.

JUDGE LATIMER—Affirming.

Appellants were intervening petitioners in a suit brought by R. H. Bowman, appellee, against Johnnie Clark. Bowman filed suit against Johnnie Clark on March 2, 1946. The action was on a promissory note wherein Bowman sought to recover the principal and

interest on the note, which totaled $252.81. In the action he asked for a lien against the interest of the defendant, Johnnie Clark, in certain land described in the petition, and asked that a sufficiency be sold and applied to the full satisfaction of the judgment.

The record shows that the petition was filed in the Clerk's office, advanced costs and state taxes paid, and summons and one copy issued to Clay County. However, it appears that summons was not actually issued until the 11th day of July, 1946, and was executed on the same day.

No defense was made by Clark, and on December 15, 1946, which was the 42nd day of the October term, default judgment was taken and Bowman was adjudged a lien against the life estate in the land described in the petition, and the master commissioner was directed to sell the land to satisfy the debt, interest, and costs. Pursuant to the judgment the master commissioner duly advertised the sale of the land to be February 10, 1947, at 1:00 o'clock.

On February 3, 1947, appellants, Clarence Chestnut, and his wife, Edna Chestnut, filed their intervening petition to be made parties to the action. They alleged that they had purchased and were the owners of the land sought to be sold, and that neither Bowman nor Johnnie Clark had any interest in same. They filed as exhibits and made a part of their intervening petition two deeds. The first deed, bearing date the 11th day of February, 1946, was signed by Joe Clark of Muncy, Illinois, A. L. Clark, and Johnnie Clark, and recited a consideration of $1800. A. L. Clark, who is the father of Johnnie Clark, and the person from whom Johnnie had obtained interest in the land, had signed the deed by mark, witnessed by Joe Bob Weaver. On the 25th day of February the record shows that Squire Baker, Clerk of the County Court, certified that on that day the deed was produced to him and acknowledged and delivered by Johnnie Clark to be his act and deed. The acknowledgment of Johnnie Clark is the only acknowledgement of the deed. The deed was filed in the County Clerk's Office on the 2nd day of March, 1946.

The second deed is from Johnnie Clark and his wife, Adeline Clark, and was signed and acknowledged by them on the 28th day of February, 1946. The deed re-

cites a consideration of $1800, cash in hand paid, the receipt of which was acknowledged. But, further in the deed a lien is retained for the unpaid purchase money. This deed was also filed on the 2nd day of March, 1946. So, it will be noted that the suit was filed and the two deeds recorded on the same day.

The commissioner made the sale pursuant to judgment and notice. On the 2nd day of the February term the intervening petitioners filed motion to set aside the sale and the report of sale, and further moved the court to submit the action on the motion, pleadings and exhibits. Bowman then filed his answer to the intervening petition, denying the allegations of the petition and affirmatively alleging fraud in that Clarence Chestnut knew of the indebtedness of Johnnie Clark and that in order to prevent the plaintiff from collecting his debt, Chestnut fraudulently entered into an agreement with Johnnie Clark for a pretended conveyance of the land.

After the master commissioner had testified that the Chestnuts were present at the sale and made no protest about same, an amended answer was filed setting out that fact and pleading an estoppel.

According to this record there was no denial or traverse of the allegations in the answer or amended answer to the intervening petition, although appellants in their brief claim there was.

Proof was taken by depositions, apparently pursuant to agreement. After passing the cause from time to time, the court finally dismissed the intervening petition, and confirmed the sale. The Chestnuts appeal.

Complaint of appellants is apparently directed at the whole procedure of the court below. The irregularities particularly complained of are: That orders were entered in their absence; that the amended answer to their intervening petition was filed without any notice to them; that the case was submitted without their knowledge; that the judgment was entered in vacation; that they were deprived of the privilege of seeing the record; and numerous other complaints. It would prolong this opinion unduly to undertake to itemize and discuss one by one the complaints registered. We shall dispose of them more or less summarily. We cannot overlook the manner and time of procuring the deeds.

Neither can we overlook the fact that Mrs. Chestnut's mother is a cousin of Johnnie Clark. Add to these the fact that there was no denial or traverse of the answer or amended answer, wherein it is charged that the appellants knew of the indebtedness of Johnnie Clark to appellee, Bowman, and that the appellants fraudulently entered into an agreement with Johnnie Clark for a pretended conveyance in order to prevent Bowman from collecting his indebtedness from Johnnie Clark, and that Clarence Chestnut, one of the appellants, was present at the master commissioner's sale but registered no protest whatsoever to the sale. In connection with this we cannot overlook the testimony of Ella Parker, sister of Johnnie Clark, who testified that she asked her father why he had sold the place and he said: "I heard Rob Bowman was going to take it for a debt that Johnny owed and that is why I sold it." She was then asked if she ever heard Johnnie Clark say that he did not intend to pay Robert Bowman that debt. She answered: "I was in Indiana last summer a year ago and I said, 'why don't you pay Rob Bowman some money, he will take it by the week or by the month.' And he said, 'He can't make me pay it.'"

Appellants' complaint that the judgment was entered in vacation obviously was cured upon motion to set aside the judgment. See Taylor v. Berry, 6 Ky. Law Rep. 523.

Complaint is made that this was a case on the ordinary docket and was tried without the intervention of a jury. However, it will be noted that when the intervening petition was filed an equitable matter was injected into the case. There is nothing to show in this record whether the action was treated entirely as an ordinary action or partially as both an equitable and ordinary action. It does appear, however, that agreement was made to take proof by deposition in order that the case might be disposed of as speedily as possible. It was obviously treated as an equity matter and nowhere in the record does there appear any other thought or intent upon the part of the parties litigant.

The intervening petition was filed in the early part of the year 1947 and final judgment was not rendered until the 5th day of April, 1948, during which time there were terms of court and ample opportunity for appel-

lants to acquaint themselves with what was taking place in court.

We have carefully considered the proceedings herein from beginning to end, together with all the facts and circumstances, and we readily conclude that the court properly adjudicated the matter.

Wherefore, the judgment is affirmed.